[In Bank — January 28, 1884.]

## JAMES McCLOSKEY ET AL., RESPONDENTS, *v.* ALBERT SUTRO ET AL., APPELLANTS.

MANDAMUS — COUNTY AUDITOR — WARRANT — INNOCENT PURCHASER. — In an action against a county auditor for a writ of mandate to compel him to issue a warrant upon an indebtedness of the county, a judgment was rendered granting the writ, and directing the warrant to be issued to the plaintiffs in such action or their attorney. The warrant was issued in accordance with the terms of the judgment,

the attorney being named therein as one of the payees. The attorney received the warrant, and sold it to third persons for a valuable consideration. The present action was brought by the plaintiffs in the mandamus suit against the purchasers to recover the warrant or its value. _Held_, that the purchasers were not required to investigate the title of the attorney further than as shown by the judgment, and that the plaintiffs could not recover.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the head note and the opinion of the court.

_E. J. Moore, M. G. Cobb,_ and _B. S. Brooks,_ for Appellants.

_J. B. Hart,_ and _E. P. Cole,_ for Respondents.

PER CURIAM. — In this cause, the opinion of the Department (Two) will stand as the opinion of the court.

We add this further remark : The decree cannot be said to be without jurisdiction. It may have been made by consent of the plaintiffs themselves. The defendants being innocent purchasers for value of Cobb, the judgment and order must be reversed, as directed in the opinion of the Department.

We do not see that in coming to this conclusion, we have overruled any of the cases to which our attention has been called by counsel for respondents. We do not intend to hold that a warrant is a negotiable instrument.

ROSS, J., McKINSTRY, J., and McKEE, J., dissented.

The following is the opinion of Department Two, referred to in the foregoing decision :—

THORNTON, J. — The action was brought to recover of defendants a warrant or audited account, issued by the auditor of the city and county of San Francisco, or its value. It appears that the account was presented to the board of supervisors and allowed by it. It was then presented to the auditor to be allowed by him. This he refused. It was finally allowed by the auditor under a peremptory writ of mandate. The court by its judgment directed the auditing of the account and the issu-

ance of a warrant in the usual form to the plaintiffs, in the action for the writ "or their attorney therein." The auditor allowed the account and issued the warrant in accordance with the order of the court to J. P. Sweeney & Co., or M. G. Cobb (the latter being the attorney referred to). Cobb sold the warrant to defendants. These facts appear clearly in the evidence.

We are of opinion that the warrant was issued in accordance with the judgment of the court, and that being the case, the defendants, when they purchased it, were not bound to inquire further into the matter of title than to see that it conformed to the direction given by the court. The defendants acquired a good title by the purchase from Cobb, and having paid Cobb for the warrant, they are not responsible to the plaintiffs herein.

As the foregoing must dispose of the case, it is unnecessary to determine the other questions discussed on the argument.

The judgment and order denying a new trial are reversed, and the cause remanded.

MYRICK, J., and SHARPSTEIN, J., concurred.